[Cite as *Elkus v. Ohio Dept. of Transp.*, 2010-Ohio-6551.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HELENE ELKUS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

Case No. 2010-04327-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Helene Elkus, filed this complaint against defendant, Department of Transportation (ODOT), alleging her 2002 Lexus SC430 was damaged on February 19, 2010 as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on State Route 4 in the Village of Woodlawn, Ohio. Specifically, plaintiff noted two tires on her automobile were destroyed as a result of striking "a hole in road so very deep had to be at least 14" deep if not more" in the traveled portion of the roadway. Plaintiff filed this complaint seeking to recover damages in the amount of $642.90, representing the cost of replacement parts, towing expense, and car rental expense. The filing fee was paid.

{¶ 2} Defendant filed an investigation report asserting the site on State Route 4 where plaintiff's incident occurred "falls under the maintenance jurisdiction of the Village of Woodlawn" and consequently, ODOT is not the proper party defendant in this action. Defendant explained "[a]ny deep, full depth pavement problems are the responsibility of the Village." Defendant specifically denied assuming any maintenance responsibility for the site where the roadway defect was located "between Riddle and CR 761 or

Glendale-Milford Road" in the Village of Woodlawn. Defendant requested the court dismiss plaintiff's claim.

{¶ 3} Defendant submitted a copy of a 1992 Village of Woodlawn Ordinance which outlines ODOT's statutory responsibilities for roadway maintenance on State Route 4 inside the village corporation limits. This Ordinance No. 24 states in pertinent part that ODOT shall be required to provide "general maintenance of the travelled roadway surfaces" of State Route 4. Furthermore, Ordinance No. 24 provides:

{¶ 4} "WHEREAS, This ordinance shall in no manner relieve or discharge said village from any claim or claims of any nature arising from, or growing out of the work by the Department of Transportation of the State of Ohio on said highways in said village, and said Village shall save the State of Ohio harmless from any and all such claims."

{¶ 5} Plaintiff advised that defendant should move to have the Village of Woodlawn joined as a defendant in this action.

{¶ 6} After reviewing all the evidence submitted in this action, the court concludes ODOT is not the proper party defendant in this action. Based on the language of the Village of Woodlawn Ordinance No. 24 (referenced above), the Village assumed responsibility for any claims arising from maintenance activity attributable to ODOT.

{¶ 7} R.C. 2743.01(A) and (B) provide:

{¶ 8} "(A) 'State' means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. 'State' does not include political subdivisions.

{¶ 9} "(B) 'Political subdivisions' means municipal corporations, townships, counties, school districts, and all other bodies corporate and politic responsible for governmental activities only in geographic areas small than that of the state to which the sovereign immunity of the state attaches."

{¶ 10} R.C. 2743.02(A)(1) states in pertinent part:

{¶ 11} "(A)(1) The state hereby waives its immunity from liability . . . and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties ***."

**{¶ 12}** Furthermore, R.C. 2743.03(A)(1) provides in pertinent part:

**{¶ 13}** (A)(1) There is hereby created a court of claims. The court of claims is a court of record and has exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code *** ."

**{¶ 14}** Based on the facts of this claim, plaintiff's action does not lie against the state, but rather a political subdivision. Consequently, the court does not have jurisdiction over the matter presented and therefore plaintiff's claim is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

HELENE ELKUS

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2010-04327-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's claim is DISMISSED. Court costs are assessed against plaintiff.

_____

DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Helene Elkus                              Jolene M. Molitoris, Director
191 Brocdorf Drive                        Department of Transportation
Cincinnati, Ohio  45215                   1980 West Broad Street
                                          Columbus, Ohio  43223

RDK/laa
8/12
Filed 9/15/10
Sent to S.C. reporter 12/29/10